# THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

RECEIVED
JUN 04 2021
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**MATTHEW OLIVER REARDON**
**Plaintiff**

**-vs-**                                   3:21cv118-GHD-JMV

**CITY OF OXFORD, MS;**

**LAFAYETTE COUNTY, MS;**

**STATE OF MISSISSIPPI**

**LAFAYETTE COUNTY, MS BOARD OF SUPERVISORS**
**(AS A WHOLE ACTING IN THEIR OFFICIAL CAPACITY)**

**MS SECRETARY OF STATE ELECTION COMMISSION;**

**ROBYN TANNEHILL (Official capacity as Mayor of Oxford);**
**ROBYN TANNEHILL (Individual Capacity);**

**LYNN FITCH (Official Capacity as MS Attorney General);**

**JOEY EAST (Official Capacity as Sheriff of Lafayette County);**

**LAFAYETTE COUNTY SHERIFF'S OFFICE;**

**DEPUTY COURTNEY DIXON**

**DEPUTY ETHAN TIDWELL**

**MAJOR ALLAN WILBURN**

**DEPUTY JARRETT BUNDREN**

**ASST DISTRICT ATTORNEY MICKEY MALLETTE**

**LAFAYETTE CO PROSECUTOR BELA J CHAIN**

## *Defendants/Appellees*

*ADVANCE REQUEST FOR PERMISSIVE JOINDER:*

**Federal Bureau of Investigations**

**US Attorney's Office for Northern District of MS**

**Department of Justice**

1

## THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI

**MATTHEW OLIVER REARDON**
**Plaintiff**

-vs-

**CITY OF OXFORD, MS;**

**LAFAYETTE COUNTY, MS;**

**STATE OF MISSISSIPPI**

**LAFAYETTE COUNTY, MS BOARD OF SUPERVISORS**
(AS A WHOLE ACTING IN THEIR OFFICIAL CAPACITY)

**MS SECRETARY OF STATE ELECTION COMMISSION;**

**ROBYN TANNEHILL** (Official capacity as Mayor of Oxford);
**ROBYN TANNEHILL** (Individual Capacity);

**LYNN FITCH** (Official Capacity as MS Attorney General);

**JOEY EAST** (Official Capacity as Sheriff of Lafayette County);

**LAFAYETTE COUNTY SHERIFF'S OFFICE;**

**DEPUTY COURTNEY DIXON**

**DEPUTY ETHAN TIDWELL**

**MAJOR ALLAN WILBURN**

**INSTIGATOR JARRETT**

**BUNDREN**

### *Defendants/Appellees*

*ADVANCE REQUEST FOR PERMISSIVE JOINDER:*

**Federal Bureau of Investigations**

**US Attorney's Office for Northern District of MS**

**Department of Justice**

Plaintiff Matthew Reardon brings this action claiming First and Fourteenth Amendment Right Violations to the United States Constitution along with citing violations of 42 USC 1985 and 42 USC 1983 in his complaint against the Defendants. Plaintiff seeks declaratory and injunctive relief, an emergency order of protection, emergency stay to the municipal election until a fair and complete investigation into all serious claims has been completed, and a currently unspecified amount of damages sought. It is the intention of the plaintiff to amend this initial complaint, although he notes that his time has been somewhat limited and it is a shame that he has to even seek the stay of an election in order to compel the assistance of agencies tasked with this very job and neglected to perform the duties of their office. The complaint alleges as follows:

COMES NOW the Plaintiff, Pro Se, and respectfully prays upon this court to grant his emergency petition seeking an immediate order of protection against the above named defendants due to the seriousness of this particular matter and injuries that plaintiff has continued to sustain at the malice hands of the Defendants whom demonstrated complicit involvement in what plaintiff asserts with complete confidence would demonstrate election fraud and other extreme of grievances aggrieved by the Plaintiff in the 2017 Oxford, MS Mayoral Election and Plaintiff continues incurring irreparable injuries up to the present. Based upon the facts and evidence conveyed, Plaintiff would also respectfully request upon this court to compel cooperation through granting plaintiff a subpoena to obtain the following items which plaintiff has exhausted all avenues in requesting. Plaintiff feels the absolute refusal to provide Plaintiff with equal protections of laws under guaranteed under the MS Bill of Rights and the Federal Constitution is bad

enough without mixing in retaliatory targeting by listed defendants as a way of using fear and manipulation tactics to abscond with the liability created by the unique actions each played in what can only be described best as a nightmare. A nightmare further exacerbated by Lafayette County's refusal to comply with record requests, which under any other circumstance would have been in complete compliance with the Freedom of Information Act, 5 U.S.C § 552, and equally the State of Mississippi's Public Records Act. Plaintiff notates before this court his high level of distrust and dismay conveyed to

each Defendant listed in this cause, and would hereby request and ask that this court grant his request to enjoin the Federal Bureau of Investigations, The US Attorney's Office for the Northern District of MS, and the Department of Justice to this lawsuit. Plaintiff has been intentionally overrun with legal proceedings by the acts of each listed defendant be it from that individual or agency playing a direct hand in the alleged crimes committed, or played a culpably negligent hand by refusing to intervene and provide the much needed protections and safety sought after irreparable damages continued to be incurred by the plaintiff, his spouse, and his minor children at the hopeless hands of a system that is clearly flawed, broken, and in bad need of reform. Plaintiff asserts initial interaction with Assistant US Attorney Bob Norman on or around May 24th, 2017 led the plaintiff to sitting down with the Federal Bureau of Investigations on May 25th, 2017 due to a death threat being conveyed to the plaintiff along with the then incoming mayor (current mayor) Robyn Tannehill and her husband Rhea. Mr. Tannehill has his own law practice in Oxford, MS

under the name of Tannehill, Carmean, & McKenzie. Plaintiff and Mr. Tannehill have had a prior history of "legal sparring" stemming back to initial contact Plaintiff and Mr. Tannehill had in or around 2013. Relations further deteriorated in June or July of 2016 when Mr. Tannehill represented the mother of plaintiff's minor child at which time plaintiff was exploited, and manipulated would likely be a more suiting word, through the forced separation of this father and his then nearly two-year old child.

Plaintiff would demonstrate that through the culpably negligent, shocking acts of the Lafayette County Sheriff's Office and the baffling decisions made by the State Attorney General's Office and Assistant District Attorney Mickey Mallette to not answer the cry for help. All hope and trust shattered in a moment's notice when all avenues except for the

courts expired. The 1ˢᵗ Amendment of the US Constitution says the following: individuals continued neglecting and ignoring a citizen blatantly clear usurping of all power derived from its own citizens. A complete refusal to afford the absolute right of due process rights of the accused following the knowingly false charge/crime levied against the Plaintiff which the FBI possessed exculpatory evidence to along with Lafayette County Sheriff's Office and other various officials. A never-ending manipulation of the legal system in order to protect and cover itself against the legal liability that it itself created. Destroying all hopes in life and opportunities for a USMC Veteran whom had tremendous potential. A Department utilizing bullying by way of badges and bars to dodge any true accountability or responsibility despite having undeniable evidence of plaintiff's

innocence in LK17 – 295. Departments whom exposed plaintiff and his family to irreparable injuries and life altering damages that far exceeding anything ever imaginable and all from a select handful of co-conspirators whom set out to devise a plan in May of 2017 that involved the suppression of a citizen at a public forum he was already listed to speak at on election day, to then banish him from the city and county for more than that of the new mayor's first term, disarming him, and coercing him under the most extreme of stress to sign a covenant to not sue Lafayette County, Oxford, Sheriffs Department, and The Lynch's. However, exculpatory evidence existed all along, a preliminary hearing was never afforded, and his bond was set disproportionately and unconstitutionally high. A Psychologist in Tupelo, whom was the referring doctor for Lafayette County Chancery Court, notated coercion as the chief reason for such plea. A decision to derelict the duties of its office by refusing to act, and refusing to provide equal protections under its laws even the conspiracy to deprive the plaintiff of his civil rights in it's continued insistence on covering its tracks and extreme guilt shifting by way of malicious prosecution and preferential prosecution.

The refusal by the State of MS Attorney General's Office to conduct any investigation and assess the exculpatory evidence of innocence on the plaintiff and overwhelming facts of guilt for the named parties should astonish all and especially this court

Plaintiff would raise the notion that not only has the named Defendants. obstructed the course of due justice, destroyed trust and fairness in a system that must be comprised of the utmost; and in doing so have brazenly perverted the rights of all citizens which are enumerated in the Federal constitution

Violations of the Constitution and state election laws is reversible error that is so manifest that an immediate reversal would be warranted, and should be imminent. Thus, the legitimacy of the actions and decisions made during this period would almost certainly be challenged. If any of these listed agencies took the duties of their offices seriously none of this jumping through hurtles in the twilight of an election would be necessary right now. A copy of most recent circuit court filing detailing out the significant grievances is attached hereto as EXHIBIT A and Plaintiff reasserts intention to further detail everything out in an amended complaint

Long Established jurisprudence dating back to the Declaration of Independence, Our Constitution, and our Bill of Rights long establishes the absolute rights of all citizens, among these are Life Liberty and the pursuit of happiness

## Jurisdiction Information

1. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in the Central District of Illinois

3. The interests of justice, fairness, and due process require that Plaintiff's emergency motion be granted immediately and without delay.

4. There are significant issues of merit (both legal, statutory, and factual) in this complaint,

6

including, but not limited to, Plaintiffs constitutional right to petition the Government for a redress of grievances involving alleged election fraud, conspiracy, deprivation of civil rights, and even "Treason" to be mentioned. Plaintiff exhausted all other attempts to compel cooperation

**WHEREFORE**, for all the reasons stated above, Plaintiff respectfully asks this Honorable Court to immediately consider and grant his emergency for peremptory reversal and to order an investigation, audit, and plaintiff's request for injunctive relief; including staying the municipal election for a more opportune time when the appropriate agency is able to conclude an investigation and properly assess claims stated. To grant an emergency order of protection against the named defendants and to issue subpoena's to Lafayette County and specifically it's Sheriff's Department for all information sought. Plaintiff also prays upon this court to grant such other and further relief as appropriate.

Respectfully submitted,

Dated: 6-4-2021

Signed_____

Matthew Oliver Reardon
Plaintiff
117 CR 401
Oxford, MS 38655
matt@mattreardon.com

# IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

## __MAY 2021__ TERM

__MATTHEW REARDON__

VS

THE STATE OF MISSISSIPPI

CAUSE NUMBER: L17-233 L20-316 LK17-295

## ORDER DIRECTING THE LAFAYETTE COUNTY BOARD OF SUPERVISORS TO PAY JEFF BUSBY, LAFAYETTE COUNTY CIRCUIT CLERK, FOR INDIGENT APPEAL

**WHEREAS,** the Court directed the transcript to be prepared in the above styled cause by the Circuit Clerk for the benefit of the State and/or the Defendant who is indigent.

AND WHEREAS, Jeff Busby, Circuit Clerk, has completed said transcript and should be paid the following:

JEFF BUSBY .. ................ $ **408.70**

**NOW THEREFORE,** it is hereby ordered and adjudged that the Board of Supervisors of Lafayette County, Mississippi, be and they are hereby authorized and directed to pay Jeff Busby, Circuit Clerk, the sum of $ **408.70** for services rendered in this cause.

**SO ORDERED,** this the 24th day of May, 2021

_____
CIRCUIT COURT JUDGE

FILE THIS THE 28th DAY OF
May, 20 21
MINUTE BOOK CLW 73 PAGE 3469
JEFF BUSBY, CIRCUIT CLERK
BY S. Pett D.C.

# IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

**LAFAYETTE COUNTY**
# FILED

MATTHEW OLIVER REARDON   DEC 2 3 2020   )

**JEFF BUSBY**
CIRCUIT CLERK

      V.      BY: _____ D.C.    **CAUSE NUMBER L20-316**

)
)
)
THE STATE OF MISSISSIPPI    )

## __Motion for Relief·from Judgment or Order__

Comes now before the court Matthew Reardon, the petitioner/plaintiff, and respectfully moves this court for relief pursuant to Rule 60 of The Mississippi Rules of Civil Procedure. Petitioner acknowledges that he has an open appeal to the MS Supreme Court based on a denial by this court on petitioner's Post Conviction Relief Motion that he filed on July 7, 2020 (Petition, Exhibits, and Denial Attached as EXHIBIT A). The first denial by this court came on July 30, 2020 to which petitioner refiled a timely Motion for Re-Hearing under MRCP Rule 59 Before the Honorable Judge Kent Smith due to this cause being assigned to Judge Kent Smith. The trial court summarily denied this Motion for Re-Hearing under MRCP Rule 59 which was filed based upon newly discovered evidence and a plethora of violations aggrieved by petitioner due to the malice and negligent acts of the Defendant (Motion and Denial Attached as EXHIBIT B). Up until August 12, 2020 the assigned Judge was newly appointed Circuit Judge Kent Smith, yet for reasons unbeknownst to petitioner, Judge John Kelly Luther continued denying each of petitioner's motions and petitions despite having upfront knowledge of the fraudulent activity in Lafayette County which implemented many. It was AFTER the motion for Recusal was filed on August 12, 2020 that the assigned Judge on this cause was FRAUDULENTLY changed to Judge John Kelly Luther. This is far from a Clerical Error due to the assertion's petitioner had made and provided evidence to regarding conflict of interest

warranting recusal due to Judge John Kelly Luther's upfront knowledge of crimes that were committed and continued to be committed. The denial of petitioner's motion for recusal filed 8/12/2020 along with supporting exhibits are attached as EXHIBIT C. Finally, the denial of petitioner's motion to compel and preserve evidence filed August 26, 2020 along with supporting exhibits is attached hereto as EXHIBIT D. Petitioner now comes back before this trial court one last time prior to the appellate procedure commences and files this Motion for Relief from Judgement or Order citing Rule 60(b) which allows relief to be granted to the petitioner in the occurrence of Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.

## JURISDICTION AND BASIS FOR MOTION AND CLAIM

Even though Petitioner has a pending appeal to the MS Supreme Court, petitioner would demonstrate that he is not required to take leave from the appellate court. MRCP Rule 60 states the following to wit: "Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein" *Rule 60 - Relief from Judgment or Order*, Miss. R. Civ. P. 60. The petitioner in this cause brings this motion asserting the following meritorious reasons this trial court should grant relief under Rule 60: **(1) fraud, misrepresentation, or other misconduct of an adverse party, (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b),** and **(6) any other reason justifying relief from the judgment.** It is the opinion of the petitioner that **the fatal errors that occurred which the Defendant bears the brunt if not sole responsibility for are incurable and in turn have rendered the Judgement in the original criminal cause LK17-295 to be void and invalid.** where the only relief that could possibly remedy the fraud and misconduct committed would be a complete reversal of the plea and judgement or the setting of a hearing on facts and evidence. Petitioner further affirms that he has continued to be

victimized by false accusations and frivolous legal proceedings initiated to harass, delay, and ultimately influence other legal proceedings including this one and that Petitioner has been refused access and visitation to his minor child on knowingly false statements made by Phyllis Crowder-Kester and her attorneys. Petitioner has provided evidence of a plethora of crimes actively being committed which rise to criminal conspiracy, RICO, and The Filing False Instruments which shows the intentional commission of Fraud. Defendant has refused to provide petitioner the equal protections of the laws under the 14th amendment of the United States Constitution while adamantly refusing to allow an evidentiary hearing or even examining and ascertaining the jaw dropping facts of fraud being committed and refusing to reprimand those who are responsible for everything. Most appalling is that the Defendant in this cause has seemingly praised its actors for treasonous crimes against humanity which the actions detailed out have led to by Defendant refusing to contain and cure its default and defect against not only its own established rules, laws, and state constitution but the United States Constitution which petitioner swore a lifelong oath to his country to protect and defend. It is for these reasons listed that petitioner conveys in the most respectful yet adamant of ways that denying him relief he seeks under the facts and valid reasons listed in this motion and encompassing this entire case which the Defendant chose to initiate on false pretenses would completely deny him of the equal protections under the laws afforded by the 14th Amendment to the United States Constitution. This in turn would aggrieve permanent and irreparable harm on the petitioner and his family, demonstrating a complete refusal by the Defendant to act ethically and in a morally satisfying way, forever severing all public trust and integrity. Should this motion be labeled "not well taken" and "denied" with the others, Petitioner stands ready to file a Federal complaint detailing out all crimes committed against the petitioner, and seeking Federal Intervention and Protection under the laws of the United States of America should the Defendant choose to continue denying petitioner the equal protections under the laws of the State and refusing

him the right to not only restore his life destroyed by way of collusion and lies, and ensuring the truly guilty parties are brought to justice. Petitioner hereby conveys unto this trial court the following reasons under Rule 60 movant is entitled to relief:

## 1) FRAUD COMMITTED BY LAFAYETTE COUNTY OFFICIALS AND EMPLOYEES BY WAY OF INTENTIONALLY DEPRIVING PETITIONER IN THIS CAUSE OF DUE PROCESS RIGHTS

a) MRCP Rule 5.1(b)(3) states if a person is taken into custody, the person shall be taken without unnecessary delay, **and in no event later than forty-eight (48) hours after arrest,** before a judge who shall proceed with an initial appearance.

b) The cited rule goes on to state **If the person arrested is not taken before a judge within forty-eight (48) hours, the person detained shall be released on execution of an appearance bond in the minimum amount set pursuant to Rule 8 and directed to appear at a specified time and place.** Rule 5.1(b)(3) conforms to the United States Supreme Court's holdings in *Gerstein v. Pugh* , 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), and *County of Riverside v. McLaughlin* , 500 U.S. 44, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991).

c) Due Process rights entitle the defendant in a cause receive a preliminary hearing to determine if there is enough evidence warranting the defendant to stand trial..Petitioner was never advised of his right to a preliminary hearing. **Due to it taking twice the allowable time to bring petitioner before a judge for an initial appearance, Petitioner was entitled to his bail being set at the minimum amount on the chart in Rule 8, which is $5,000, NOT $150,000. However, Rule 6.1** states that if a preliminary hearing is not commenced within fourteen (14) days as required by subsection (a), and is not postponed as allowed by subsection (d), the defendant shall be released on recognizance, unless the offense is non-bailable or release is prohibited by Article 3, Section 29(2) of the Mississippi Constitution of

1890. **THEREFORE, Due to petitioner never being afforded a preliminary hearing, nor a preliminary hearing being set within 14 days, The State had an obligation to Release on Recognizance, further directing petitioner to appear at a specified time and place** pursuant to MRCP Rule 5.1(b)(3). This is not an opinion and it is not a discretionary rule that Defendant can pick and choose when to use, but rather this is a statement in fact and is evident by the wording in Rule 6.1 "The Defendant SHALL be released on recognizance.

d) The fact that petitioner was never allowed the opportunity upfront to provide proof of his innocence or obtain a lower bond amount to regain his freedom to provide for his family is gravely concerning. This is most certainly a mitigating factor which provided an unfair, unethical, and unscrupulous advantage to the State, while proving to be highly prejudicial to petitioner and is the sole reason that petitioner pled out under coercion and duress at the advisement and misrepresentation of his attorney.

2) **PETITIONER WAS DENIED CERTAIN DUE PROCESS RIGHTS GUARANTEED TO ALL CITIZENS UNDER STATE AND FEDERAL LAWS**

a) Movant/Petitioner was unlawfully held, restricted, suppressed, and confined in the Lafayette County Detention Center from the time of his arrest, May 26, 2017 until July 6, 2017 when he pled out to the accused crime under duress at the advisement of his attorney. Petitioner received an initial/bond hearing on May 30, 2017. Defendant was in violation of MRCP Rule 5.1(b)(3) by it not bringing petitioner before the court for an initial appearance within 48 hours for an appearance bond to be set and in turn steered its own favorable outcome by keeping petitioner's appearance bond set at $150,000 for the entire 6 weeks of Petitioner's confinement conveying a completely helpless and hopeless feeling upon petitioner whom needed to be released in order to provide care for his minor child

b) Petitioner was not allowed to speak to offer concrete evidence of his innocence, and further petitioner was DENIED the opportunity to obtain a lower bond amount that fell within the established guidelines that the petitioner or his family could afford. Movant's bond was set three times higher than maximum guidelines allowed despite the State of Mississippi not producing so much as a single piece of evidence suggesting it had a valid claim. Petitioner in this cause asserted he had evidence to prove his innocence which should have been heard and examined up front and most certainly at a Preliminary Hearing. Unfortunately for the petitioner, he never was afforded a Preliminary Hearing whether it be through the sole fault of the State, or a shared fault of the petitioner's appointed legal counsel.

c) A Habeas corpus petition was filed by the public defender commanding the sheriff to bring petitioner before the court to show just cause for the illegal confinement of petitioner, and while the petition was approved to proceed in forma pauperis, petitioner was never brought before the court and was further illegally confined for an additional 4 weeks.

d) Petitioner was never made aware of this Habeas petition ever being filed until nearly 6 months after he plead out to free himself for the sake of his child and his sanity after being unlawfully held for a crime that was never truly committed. This amounts to misrepresentation by petitioner's council and petitioner has been requesting answers to no avail making the petitioner question whether fraud had occurred here as well, yet unsure where the true responsibility and liability falls.

e) All requests by petitioner to have his bond lowered to a constitutionally fit amount went completely ignored after being given a bond amount that was three times higher than the

maximum guidelines established less than a year prior by way of the Mississippi Supreme Court. Movant/Petitioner never caused any physical harm to anyone and never had been accused of a felony crime prior to this allegation.

f) That the assigned judge on Civil Cause # L20-316 was fraudulently altered from Judge Kent Smith to Judge John Kelly Luther despite contentious evidence showing that this Circuit Court Judge had upfront knowledge of the bizarre and uncharted criminal acts committed yet continued to insist on ruling on petitioner's motions and petitions only to deny them, say they were not well taken, and even referencing to a motion to compel and preserve evidence as moot despite some of the most serious and concerning claims asserted.

g) Movant/Petitioner had pending ongoing litigation against Lafayette County due to a highly contestable arrest made May 1st, 2017 when movant was arrested for disorderly conduct for standing on public property holding the then state flag of Mississippi. Petitioner states this cause stemmed from a mutually beneficial arrangement which provided benefit and shielded Lafayette County Sheriff's Department and Deputy Timmy Pruitt from liability stemming from the May 1st 2017 Arrest made. At the same time, it accomplished the intended goal of Rhea and Robyn Tannehill, effectively silencing petitioner through taking out an emergency injunction over constitutionally protected activity along with their own embellishments and interpretations of certain things Petitioner had said which NEVER conveyed a physical threat and in referenced the reporting of serious crimes to the proper authorities which was in fact done. All of this done in order to prevent petitioner from speaking and addressing the board of aldermen at City Hall on June 6, 2017 (The Day Robyn Tannehill was elected Mayor of Oxford) which petitioner was slotted in advance to speak at the conclusion of Joey East in

order to petition the Government for a redress of grievances, an absolutely key part of the first amendment that keeps America a "Free" nation that repels tyranny.   Evidence of petitioner slotted in advance to speak is attached as EXHIBIT E.

h)   Movant states that it is this reason along with his child and girlfriend at the time which would have easily shown and conveyed the fact that movant/petitioner was not a flight risk, not to mention movant is a USMC Veteran that has never had any prior history of being a flight risk. **Therefore, it is entirely the impression of the movant that bond was used in a punitive way to influence an outcome of a sham legal proceeding which was initiated by Lafayette County (State of Mississippi), it's employees, along with elected and appointed officials under knowingly false pretenses by a Justice Court Judge (Carolyn Bell) whom has had a history of setting bonds on the lower end of the bond guidelines.**

i)   The fact that movant was interrupted by Judge Bell and advised of his fifth amendment rights on two separate occasions when he tried to show information upfront which would show the impossibility of movant to have committed the alleged crime should concern and frighten every American. Petitioner asserts in complete confidence what all precluding evidence would demonstrate a clearly shown political attack on petitioner by way of criminal conspiracy, racketeering, organized crime, and the successful deprivation and continued deprivation of the petitioner's rights.  Petitioner/Movant states that his life was completely ruined, and millions of splinters sent ripping through the surrounding areas at the hands of an extortionist scheme which has perpetuated itself by ways of Petitioner's ex-girlfriend and mother of his child initiating additional legal proceedings which she, her attorneys, and the state of Mississippi know to be false yet have allowed her to continue to get away with making the Defendant, the State of Mississippi complicit in the continued fraud and attempts to frame an innocent American whom doubles as a USMC Veteran.

j)  Petitioner asserts this conduct and behavior is dangerous, treasonous, and downright constitutionally damning. Even more concerning is the fact that all evidence shows petitioner's innocence in which Defendant abused its own system, refused to follow its own rules laid out, insisted on carrying its scheme against petitioner regardless of who witnessed the commission of its own crimes and regardless of how blatantly obnoxious, highly prejudicial, overly oppressive, and tyrannically suppressive it attacked and inflicted irreparable harm on petitioner which has had far reaching consequences. After being unlawfully held captive in the Lafayette County Detention Center for six weeks' time, petitioner was coerced by his legal counsel (at the time) Brennan Horan to plea out in order to get out and avoid being "Railroaded" by additional charges that the state allegedly was going to start "piling on" in order to try to get a quick yet highly immoral win despite indisputable evidence being brought to the attention of Petitioner's attorney whom looking back now would appear to have been "Bought" or "Paid For" to help influence a favorable outcome. Especially when this attorney claimed to have gone on "quail hunts with Judge Luther" and went to law school with Rhea Tannehill, further asserting that he "knew him well".

k)  That Petitioner's Guilty plea was involuntary due to a denial of his due process rights as guaranteed by the United States and State of Mississippi Constitutions, thus making his plea of guilty a violation of the laws of the State of Mississippi That Petitioner received inadequate representation by his legal counsel on record, in which adequate counsel representation likely would have resulted in an outright dismissal of the State's charge. Furthermore, petitioner only met with his legal council one time and no discovery motion was ever requested by Petitioner's legal counsel. That the state has refused to comply with a Freedom of Information Act Request for information regarding the phone call received on May 24, 2017 which through the state's own admission on a more recent public records request ultimately led to the charge being levied against the petitioner.

l)  Movant re-asserts by way of Fraud and collusion that this entire case has been tainted and manipulated in a plot that has continued to Deprive Petitioner of his Rights

m) Finally, despite the alleged rights deprivation, there exists additional evidence of material facts, not reasonably discoverable at the time involuntary plea was given and not previously presented at that time, which requires vacation of the conviction or sentence in the interest of justice.

## PETITIONER STATES IN SUMMARY

It's more than a coincidence that all of this transpired when assessing the factual evidence surrounding it. Petitioner was given a bond FAR outside of established guidelines exactly 7 days prior to the soon to be incoming mayor's election in order to help ensure that petitioner remained locked away, suppressed, and unable to fulfill his constitutional duty. Petitioner was given what all impressions gave off as a "forced plea deal" exactly 7 days after Tannehill was sworn into office and assumed command as Mayor. Petitioner had to agree to five years supervised probation which encompassed a banishment order exiling him from Oxford and Lafayette County for a period of 5 years, AND a covenant to not sue Lafayette County, its officials, its employees, The City of Oxford, its officials, it's employees, Sheriff Buddy East or any of his dully appointed deputies, as well as the Victim/Claimants Todd and Ashley Lynch. This effectively barred petitioner from suing for anything relating to LK17-295 or the prior matter involving the May 1st, 2017 arrest made. Petitioner poses before this court the obvious question of WHY would that be mandated if foul play wasn't involved and how many other cases it is aware of where the person charged had to agree not to sue the person claiming they were put in fear of their life? Especially when the petitioner didn't even own an AR-15 or any type of rifle or long gun, and only possessed a 40cal Taurus Pistol until May 20th, 2017. This has been the most corrupt, disgusting showing of force and a blatant abuse of law enforcement appearing more like mob tactics with a completely grotesque, unconscionable, politically motivated attack on petitioner which couldn't have been done without the helping hand of corrupt law enforcement officers and preferential treatment given to the true criminals by the courts. Petitioner has demonstrated nonstop evidence and has gone above and beyond to seek

vindication along with holding the truly guilty parties responsible yet to no avail due to the petitioner being public enemy number one due to the outrageous civil and criminal liability the State of Mississippi has imposed on itself in a situation that in no way can Plausible Deniability ever be asserted as a defense to its culpably negligent actions. That added with the continued fictitious petitions filed by petitioner's ex-girlfriend and mother of his now 6-year-old child, Phyllis Marie Crowder-Kester show that the situation is spiraling out of control through organized crime, Criminal and Civil Conspiracy, and The false reporting of crimes, ALL OF WHICH should be prosecuted under the RICO Act yet the State and its agencies have chosen to stand down and continue standing down. It would appear through the lack of care shown by Defendant in this cause (State) that its agencies tasked with creating reports and deterring crimes has in fact been complicit in the ongoing fraud consisting the false reporting of crimes, further giving off all impressions that the Defendant is aiding and protecting the criminal acts of true criminals to protect itself from the legal liability it brought on itself. The complete culpable negligence shown has continued to compound the ongoing crisis and has now risen to uncharted levels. Petitioner hereby asserts the claims he has made were made to the best of his ability and asserts under a signed and sworn affidavit that he was the target of a politically motivated quid-pro-quo witch-hunt where he was charged with a crime that never even occurred, and further that he never could have committed. Petitioner has been and continues to be denied the equal protections of the laws which exist to provide protections and relief from the Federal Government from such abuse by the states, and petitioner continues to be victimized by false petitions filed in Lafayette County Chancery Court as well as Olive Branch Municipal Court and all stemming from a connection between Crowder, her attorneys, and state/county/city officials. It outrages the petitioner that a simple arrest and lie told over three years ago now has created a full-blown constitutional crisis, and there is no end in sight without relief granted on this motion and for action to be taken against the truly criminal parties demonstrating a willingness for the Defendant to purge itself of its complicit, negligent, and unconstitutional decisions. The level of involvement amounting to fraud which show all signs of public corruption becomes increasingly evident when the other legal matters are given a closer look by a man who swore a never-expiring oath to his country to protect and defend its constitution.

## WHEREFORE ALL PREMISES CONSIDERED

Movant/Petitioner prays that this court grant his motion for relief from judgement or order by granting Movant/Petitioner an evidentiary hearing to present and examine such claims brought forth which further go to proving petitioner's innocence in the criminal cause LK17-295, or to dismiss judgement all together due to new evidence surfacing in this matter. Movant/Petitioner also would request that a copy of this motion be given to the District Attorney's Office to investigate and prosecute the criminal acts committed by others who conspired and have directly targeted petitioner for their own personal gain.

Movant/Petitioner also prays for any other general or special relief to which he may be entitled

Respectfully Submitted this 23rd Day of December 2020

**Matthew Oliver Reardon**
**Movant/Petitioner/Plaintiff**
**117 CR 401**
**Oxford, MS 38655**

^
^
^
^
^
^
^
^
^

PAGE INTENTIONALLY LEFT BLANK FROM SIGNATURE DOWN

**Affidavit**

STATE OF MISSISSIPPI
COUNTY OF LAFAYETTE

The undersigned, MATTHEW REARDON, being duly sworn, hereby deposes and says:

1. I am over the age of 18 and am a resident of the State of Mississippi. I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto.

2. I suffer no legal disabilities and have personal knowledge of the facts set forth below.

3. This sworn affidavit is intended for use on MRCP Rule 60 Motion filed on the 23rd Day of December in the Circuit Court of Lafayette County.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this 23rd day of December, 2020.

_____
Matthew Reardon

## NOTARY ACKNOWLEDGMENT

STATE OF MISSISSIPPI, COUNTY OF LAFAYETTE, ss:

On this ____ day of _____, _____, before me, _____, personally appeared Matthew Reardon, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within Affidavit, and, being first duly sworn on oath according to law, deposes and says that he/she has read the foregoing Affidavit subscribed by him/her, and that the matters stated herein are true to the best of his/her information, knowledge and belief.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

_____
Title (and Rank)

My commission expires January 2nd 2024