**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MATTHEW OLIVER REARDON**                                                     **PLAINTIFF**

**V.**                                                         **NO.: 3:21-cv-118-GHD-JMV**

**CITY OF OXFORD, MS, et al.**                                          **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

This matter comes before the court *sua sponte* for consideration of dismissal as explained hereafter.

<u>Procedural History</u>

On June 4, 2021, the *pro se* Plaintiff filed a Complaint [1] and Motion to Proceed *in forma pauperis* on June 4, 2021. [2]. On June 9, 2021, the Plaintiff filed an "Amended Emergency" Complaint [4]. On July 16, 2021, the undersigned entered an Order to Show Cause [5], instructing the Plaintiff to respond within fourteen days, why the amended complaint and his motion to proceed *in forma pauperis* should not be dismissed on the basis that it fails to state a claim upon which relief can be granted. The undersigned instructed the Plaintiff "to identify, by filing a document he should style "proposed amendment to complaint" which must identify law(s) of the United States that were breached or deprivation of a Constitutional right(s) by a person acting under color of state law and, importantly, provide facts to support the claim(s)." *Id.* The Plaintiff was also advised that his failure to satisfactorily comply with this order will result in the undersigned recommending to the District Judge that this case and therefore also his motion to proceed in forma pauperis be dismissed. *Id.* Upon a request by the Plaintiff [6] on August 2, 2021, the court granted an extension of fourteen days to respond to the Order to Show Cause. However, no response has been filed as of this date.

1

Law and Analysis

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit of the inability to pay such fees. In addition to showing that a plaintiff meets the financial prerequisites to proceed *in forma pauperis*, a plaintiff must also establish that he has stated a claim upon which relief may be granted. *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Pursuant to 28 U.S.C. § 1915(e)(2),

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . .
> 28 U.S.C. § 1915(e)(2)(B).

The court acknowledges its obligation to liberally construe the pleadings of a lay person. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, "[a] district court may sua sponte dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "Such dismissal is appropriate if the plaintiff has notice of the possibility of a ruling on the merits or if the plaintiff has had the opportunity to allege its 'best case.'" *Broyles v. Texas*, 618 F. Supp. 2d 661, 683 (S.D. Tex. 2009).

Here, in light of the Plaintiff's *pro se* status, he was given an extension in which to respond to the court's Order to show cause. To date, however, the Plaintiff has failed to respond to the order or to otherwise submit a request for further extension in which to respond. Because the

Plaintiff has shown no good cause for his failure to comply with this court's order, the undersigned recommends that the motion to proceed in forma pauperis [2] be denied and the case be dismissed.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 14th day of September, 2021.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**